THE TOWN OF CHELSEA *v.* THE TOWN OF BROOKFIELD.

*Pauper.*

A *feme covert* is not legally chargeable to a town as a pauper, so as to be subject to an order of removal, if her husband is possessed of an equity of redemption of value, (in this case worth $285,) which can be made available for her support.

APPEAL FROM AN ORDER OF REMOVAL of Lydia Gould from the town of Chelsea to the town of Brookfield. The defendant town plead that the said Lydia was not chargeable to the said town of Chelsea, as a pauper, at the time the order of removal was made or any at other time; to which the plaintiff town replied, that the said Lydia had become and was at the time of the making of said order of removal, chargeable to said town as a pauper, and upon

this replication issue was joined, which was tried by the court, January Term, 1855,—UNDERWOOD, J., presiding.

Jacob Gould, the husband of the said Lydia, was arrested on a criminal charge, and committed to the county jail in Chelsea, in June, 1852, and remained there until February or March, 1853, when he was released on bail. During this time, and until her death in March, 1853, the said Lydia was sick and with her friends in Chelsea. All the personal property which the said Jacob had at the time of his commitment was attached and sold, or used by his wife for her support, previous to October, 1852. During that month she applied to the overseer of the poor for the town of Chelsea for assistance, and on the 4th of December following, the said overseer did assist her and continued so to do while she lived, she being during that time too unwell to be removed. On the 8th of said December the order of removal was made from which the appeal was taken. During this time the said Jacob was the owner of a farm in Randolph, which was worth $750.00 but it was encumbered by a mortgage to the amount of $465.00. The said Lydia was in need of relief, and properly chargeable, as a pauper, to the said town of Chelsea, unless her husband's equity of redemption in the Randolph farm prevented her from becoming so. Upon these facts, the county court decided and adjudged that the said Lydia was not chargeable to the plaintiff town, and that the defendants recover their cost. Exceptions by the plaintiffs.

*Hebard & Martin*, for the plaintiffs.

*Peck & Colby*, for the defendants.

The opinion of the court was delivered by

BENNETT, J. The only question necessary to decide is, whether Lydia Gould, who was a *feme covert*, had become legally chargeable to the town of Chelsea. It is found in the case that the husband of the person removed had, at the time the relief was furnished, real estate situate in this county, of the value of $750.00 though encumbered for the sum of $465.00, leaving an equity of redemption of the value of $285.00. It is not to be questioned that this equity of redemption is property and may be the subject of the levy of an execution, as well as other property, and in contemplation of law

it is equally within the control of the owners, and no facts are shown why it could not have been used for the support of the wife, if the husband had wished to appropriate it to that use. We apprehend, the husband, if confined in Chelsea by means of sickness, could not under such circumstances be made chargeable to the town of Chelsea. It has always been the language of our courts, that no person can be chargeable to a town while he has the means, of supporting himself; and whether a person can become legally chargeable to a town so as to justify his removal, as a pauper, must depend upon the degree of his destitution and poverty, at the time the proceedings are taken. There is nothing in the case to show why the husband's equity of redemption could not have been made available for the support of the wife ; nothing to show that it would not have been more than ample for that purpose. The husband was bound to support his wife, and might be compelled to a performance of this duty ; and, if he neglect or refuse to do this duty, it is no reason why the wife should be treated as a town pauper. With a property of $285. in amount, we cannot say the husband had not the means of supporting his wife at the time proceedings were taken.

The judgment of the county court is affirmed.